# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 18, 2017 Session

## IN RE B.B., ET AL.

### Appeal from the Juvenile Court for Cheatham County
### No. 2015-532    Phillip A. Maxey, Special Judge

### No. M2016-00953-COA-R3-PT

The grandparents of three minor children brought this action to terminate the parental rights of the children's mother.[1]  Following a trial, the court found clear and convincing evidence of grounds to terminate mother's parental rights pursuant to Tenn. Code Ann. §§ 36-1-113(g)(8)(B)(i), (ii) and -(9)(A)(iv), (v) (2015).[2]  By the same quantum of proof, the trial court also found that termination is in the children's best interest.  Mother appeals.  We hold that Tenn. Code Ann. § 36-1-113(g)(9)(A) is not applicable to this case.  Accordingly, we vacate the trial court's holding with respect to that ground.  As for the remaining grounds, we hold that the trial court's final order failed to include the requisite findings of fact and conclusions of law required under Tenn. Code Ann. § 36-1-113(k).  As a result, we vacate the final order of termination and remand to the trial court with instructions.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated; Case Remanded with Instructions

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Michele Hodges, Nashville, Tennessee, for the appellant, T.B.

Mark C. Scruggs, Nashville, Tennessee, for the appellees, C.S. and W.S.

---

[1] The parental rights of each child's putative father are not at issue on this appeal.

[2] This statute and others cited in this chapter have been updated.  However, we apply the version of the statute in effect on the date the petition to terminate Mother's parental rights was filed, Sept. 16, 2015.

# OPINION

## I.

T.B. (Mother) and C.S. (Grandmother) have had a difficult relationship, which, at times, has been contentious. Mother has a history of mental illness. She has been diagnosed with bi-polar disorder, personality affective disorder, post-traumatic stress disorder, and general anxiety. She has been in some form of therapy since the age of five. She has attempted suicide on a number of occasions, at times requiring hospitalization.

Mother has four children, the oldest of which was previously adopted by Grandmother. In 2010, the Department of Children's Services filed a petition alleging Mother's three youngest children – B.B., D.B., and H.B. (collectively the children) – were dependent and neglected. They were placed in protective custody. In March 2011, at Mother's request, Grandmother was given temporary custody of the children. The court later declared the children dependent and neglected due to Mother's drug use.

From 2011 to 2014, Mother lived off-and-on with Grandmother and W.S. (Stepgrandfather) (collectively the Grandparents). She moved out of their home to live with the father of D.B. Following a disagreement with the Grandparents in July 2015, Mother filed a petition to regain custody of the children. The Grandparents responded by filing a counterclaim to terminate Mother's parental rights. They sought termination pursuant to Tenn. Code Ann. § 36-1-113(g)(3) and -(9)(A)(ii), (iii), and (v). They later amended their counterclaim to add as a ground for termination Tenn. Code Ann. § 36-1-113(g)(8)(A) and (B).

The trial court permitted Mother to visit the children, but Grandfather was to be present at all times to supervise the visits. The Grandparents describe these visits as a "disaster." On February 4, 2016, Mother filed an emergency motion to modify the terms of her visitation. On February 12, 2016, the Grandparents filed a petition against Mother for termination of visits and criminal contempt. A trial occurred on April 8, 2016. The trial court entered a written order on April 11, 2016, stating:

> . . . Prior to the trial, the Grandparents moved to strike the claims against the putative fathers listed herein, and thus, their rights are not affected by this proceeding. After presentation of all the evidence as well as the argument of Counsel, the Court finds as follows:

2

1. The pleadings are amended to conform to the proof.

2. The Court has considered all of the factors set out in T[enn]. C[ode] A[nn]. §36-1-113(i)(1)-(9);

3. The Grandparents have proven by clear and convincing evidence that the parental rights of the Mother should be terminated pursuant to T[enn]. C[ode] A[nn]. § 36-1-113(g)(8)(B)(i) and (ii) in as much as based on extensive proof presented through Dr. Jan[ie] Berryman and other witnesses herein, the Mother's mental condition is such that it is so impaired and is likely to remain impaired such that she will not be able to assume or resume the care and responsibility for the children herein in the near future and termination of her rights are in the best interests of the children;

4. Further, pursuant to T[enn]. C[ode] A[nn]. § 36-1-113(g)(9)(A)(iv) and (v), the Grandparents have proven by clear and convincing evidence that the Mother has failed to manifest an ability and willingness to assume legal and physical custody of the children and placing the children in her custody would pose a risk of substantial harm to the physical and psychological welfare of the children;

5. The Grandparents are awarded full custody and guardianship of the minor children listed herein;

6. The Petition for Contempt filed by the Grandparents is denied.

7. The Petition for Custody filed by the Mother is denied.

THEREFORE, based upon the foregoing, IT IS HEREBY ORDERED:

> 1. The parental rights of the Mother to the children listed herein are hereby terminated;
>
> 2 The Grandparents are awarded full custody and guardianship of the minor children listed herein;
>
> 3. The Petition for Contempt filed by the Grandparents is denied.
>
> 4. The Petition for Custody filed by the Mother is denied.
>
> 5. All costs associated with this action are hereby taxed to the Mother for which execution may issue, if necessary.

(Capitalization in original.) The final order did not make a finding as to persistence of conditions, Tenn. Code Ann. § 36-1-113(g)(3). The court, however, stated from the bench at trial that it had not found cause for termination on that ground.

## II.

Mother raises the following issues, which we quote verbatim from her brief:

> Whether the absence of findings of fact and conclusions of law by the trial court necessitates a new trial in this matter?
>
> Whether despite the absence of findings of fact and conclusions of law, there was clear and convincing evidence to establish grounds for termination of mother's parental rights?
>
> Whether termination of parental rights is in the best interest of the children?

4

Whether deficiencies in the petition and final order render the trial court's verdict void?

(Paragraph numbering in original omitted.)

**III.**

A parent has a fundamental right, based on both the federal and state constitutions, to the care, custody, and control of his or her child. *Stanley v. Ill.*, 405 U.S. 645, 651 (1972); *In re Angela E.*, 303 S.W.3d 240, 250 (Tenn. 2010); *Nash-Putnam v. McCloud*, 921 S.W.2d 170, 174-75 (Tenn. 1996). While this right is fundamental, it is not absolute. The State may interfere with a parent's rights in certain circumstances. *In re Angela E.*, 303 S.W.3d at 250. Our legislature has listed the grounds upon which termination proceedings may be brought. Tenn. Code Ann. § 36-1-113(g). Termination proceedings are statutory, *In re Angela E.*, 303 S.W.3d at 250; *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004), and a parent's rights may be terminated only where a statutory basis exists. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002); *In the Matter of M.W.A., Jr.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998).

To terminate parental rights, a court must determine by clear and convincing evidence the existence of at least one of the statutory grounds for termination and that termination is in the child's best interest. Tenn. Code Ann. § 36-1-113(c); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002). "Clear and convincing evidence enables the fact-finder to form a firm belief or conviction regarding the truth of the facts, and eliminates any serious or substantial doubt about the correctness of these factual findings." *In re Bernard T.*, 319 S.W.3d 586, 596 (Tenn. 2010) (citations omitted). Unlike the preponderance of the evidence standard, "[e]vidence satisfying the clear and convincing standard establishes that the truth of the facts asserted is highly probable." *In re Audrey S.*, 182 S.W.3d 838, 861 (Tenn. Ct. App. 2005).

Once a ground for termination is established by clear and convincing evidence, the trial court conducts a best interest analysis. *In re Angela E.*, 303 S.W.3d at 251 (citing *In re Marr*, 194 S.W.3d 490, 498 (Tenn. Ct. App. 2005)). "The best interest[ ] analysis is separate from and subsequent to the determination that there is clear and convincing evidence of grounds for termination." *Id.* at 254. The existence of a ground for termination "does not inexorably lead to the conclusion that termination of a parent's rights is in the best interest of the child." *In re C.B.W.*, No. M2005-01817-COA-R3-PT, 2006 WL 1749534, at *6 (Tenn. Ct. App., filed June 26, 2006).

We are required to review all of the trial court's findings with respect to grounds and best interest. *In re Carrington*, 483 S.W.3d 507, 525-26 (Tenn. 2016) ("[W]e hold that in an appeal from an order terminating parental rights the Court of Appeals must review the trial court's findings as to each ground for termination and as to whether termination is in the child's best interest[ ], regardless of whether the parent challenges these findings on appeal.")

The Supreme Court has delineated our standard of review:

> An appellate court reviews a trial court's findings of fact in termination proceedings using the standard of review in Tenn. R. App. P. 13(d). Under Rule 13(d), appellate courts review factual findings de novo on the record and accord these findings a presumption of correctness unless the evidence preponderates otherwise. In light of the heightened burden of proof in termination proceedings, however, the reviewing court must make its own determination as to whether the facts, either as found by the trial court or as supported by a preponderance of the evidence, amount to clear and convincing evidence of the elements necessary to terminate parental rights. The trial court's ruling that the evidence sufficiently supports termination of parental rights is a conclusion of law, which appellate courts review de novo with no presumption of correctness. Additionally, all other questions of law in parental termination appeals, as in other appeals, are reviewed de novo with no presumption of correctness.

*Id.* at 523-24 (internal citations omitted). "When a trial court has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, considerable deference must be accorded to . . . the trial court's factual findings." *In re Adoption of S.T.D.*, No. E2007-01240-COA-R3-PT, 2007 WL 3171034, at *4 (Tenn. Ct. App., filed Oct. 30, 2007) (citing *Seals v. England/Corsair Upholstery Mfg. Co., Inc.*, 984 S.W.2d 912, 915 (Tenn. 1999)).

## IV.

**A.**

We first address the trial court's conclusion that the Grandparents established that Mother's parental rights should be terminated pursuant to grounds included in Tenn. Code Ann. § 36-1-113(g)(9)(A). This statute provides:

> *The parental rights of any person who*, at the time of the filing of a petition to terminate the parental rights of such person or, if no such petition is filed, at the time of the filing of a petition to adopt a child, *is not the legal parent or guardian of such child or who is described in § 36-1-117(b) or (c) may also be terminated based upon any one (1) or more of the following additional grounds*:
>
> \*     \*     \*
>
> > (iv) The person has failed to manifest an ability and willingness to assume legal and physical custody of the child;
> >
> > (v) Placing custody of the child in the person's legal and physical custody would pose a risk of substantial harm to the physical or psychological welfare of the child[.]

(Emphasis added.) A biological mother is included in the definition of a child's "legal parent." Tenn. Code Ann. § 36-1-102(28)(A)(i) (2014). Based upon the plain language of the statute, the grounds contained in Tenn. Code Ann. § 36-1-113(g)(9)(A) do not apply to a child's biological mother. In the current case, Mother's biological relationship to the children is undisputed. Therefore, the above statute does not apply to Mother. The Grandparents' counsel conceded as much at oral argument before this Court. Because subsection (9)(A) is not applicable to the current case, we vacate the trial court's holding that the Grandparents established, by clear and convincing evidence, this ground to terminate Mother's parental rights pursuant to Tenn. Code Ann. § 36-1-113(g)(9)(A)(iv), (v).

**B.**

The trial court also found cause to terminate Mother's parental rights pursuant to Tenn. Code Ann. § 36-1-113(g)(8), which provides in relevant part:

7

(B) The court may terminate the parental . . . rights of that person if it determines on the basis of clear and convincing evidence that:

> (i) The parent . . . of the child is incompetent to adequately provide for the further care and supervision of the child because the parent's . . . mental condition is presently so impaired and is so likely to remain so that it is unlikely that the parent . . . will be able to assume or resume the care of and responsibility for the child in the near future; and

> (ii) That termination of parental . . . rights is in the best interest of the child;

Previously, we have upheld a trial court's finding that this ground was proven by clear and convincing evidence when the parent at issue was found to have "a 'lifelong condition' " and to "function[] in such a low range that no amount of training, education, or counseling 'could bring him [or her] up to the level where he [or she] could parent these children.' " **State, Dep't of Children's Servs. v. Mims**, 285 S.W.3d 435, 449 (Tenn. Ct. App. 2008). Alternatively, we have reversed a trial court's finding on this ground when a parent has been diagnosed with a mental impairment if that diagnosis is outweighed by other factors. **State Dep't of Children's Servs. v. Whaley**, No. E2001-00765-COA-R3-CV, 2002 WL 1116430, at *14 (Tenn. Ct. App., filed May 30, 2002). These factors may include the parent's ability to live alone, regularly attend visitation with the child, complete vocational training, obtain employment, use transportation, and maintain compliance with medications, as well as what level of assistance from other adults would be available to help the parent care for the child. **Id.**

At the trial in the current matter, the court heard expert testimony on Mother's mental condition, as well as related lay testimony from Mother and others. In its order, the trial court addressed this ground as follows:

> The Grandparents have proven by clear and convincing evidence that the parental rights of the Mother should be terminated pursuant to T[enn]. Code A[nn]. § 36-1-113(g)(8)(B)(i) and (ii) in as much as based on extensive proof presented through Dr. Jan[ie] Berryman and other witnesses herein, the Mother's mental condition is such that it

8

is so impaired and is likely to remain impaired such that she will not be able to assume or resume the care and responsibility for the children herein in the near future[.]

Mother argues the trial court's final order failed to make the written findings of fact and conclusions of law required by Tenn. Code Ann. § 36-1-113(k). "The termination statute clearly and unequivocally requires the trial court to make the statutorily required findings and conclusions of law before granting a petition to terminate parental rights[.]" *In re Angela E.*, 303 S.W.3d at 254. This statute serves to protect a parent's rights to due process and a "parent['s] fundamental right to the care and custody of [the parent's] children, which we deny through the termination of parental rights 'only upon a determination of [a] parent's unfitness to be a parent.' " *Id.* (quoting *In re D.A.H.*, 142 S.W.3d 267, 274 (Tenn. 2004)). As we have previously explained:

A trial court's responsibility to make findings of fact and conclusions of law in termination cases differs materially from its responsibility in other civil cases. Generally, trial courts, sitting without juries, are not required to make findings of fact or conclusions of law unless requested in accordance with Tenn. R. Civ. P. 52.01. Termination cases, however, are another matter. Tenn. Code Ann. § 36-1-113(k) explicitly requires trial courts to "enter an order which makes specific findings of fact and conclusions of law" in termination cases. Thus, trial courts must prepare and file written findings of fact and conclusions law with regard to every disposition of a petition to terminate parental rights, whether they have been requested or not.

Tenn. Code Ann. § 36-1-113(k) reflects the Tennessee General Assembly's recognition of the necessity of individualized decisions in these cases. *In re Swanson*, 2 S.W.3d 180, 188 (Tenn. 1999) (holding that termination cases require "individualized decision making"). It also reflects the General Assembly's understanding that findings of fact and conclusions of law facilitate appellate review and promote the just and speedy resolution of appeals. *Bruce v. Bruce*, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990). . . .

When a trial court has not complied with Tenn. Code Ann. § 36-1-113(k), we cannot simply review the record de novo and

9

> determine for ourselves where the preponderance of the evidence lies as we would in other civil, non-jury cases.

*In re Adoption of Muir*, No. M2002-02963-COA-R3-CV, 2003 WL 22794524, at *3 (Tenn. Ct. App., filed Nov. 25, 2003) (internal citations omitted).

In the current case, the final order provides only a conclusory statement regarding the ground of mental incompetence. The order offers little explanation as to how the lower court arrived at its determination that the ground had been proven by clear and convincing evidence. Namely, the order failed to explain or identify Mother's diagnoses, Dr. Berryman's qualifications as an expert on this issue, Dr. Berryman's assessment of Mother, the effect of Mother's diagnoses or behavior on the children, and whether any amount "of training, education, or counseling could bring [Mother] up to the level where [s]he could parent these children." *Mims*, 285 S.W.3d at 499 (internal quotation marks omitted). In light of these omissions, we find that the trial court fell short of the requirements in Tenn. Code Ann. § 36-1-113(k). As we held in *In re Adoption of Muir*, "we must remand the case for the preparation of appropriate written findings of fact and conclusions of law." 2003 WL 22794524, at *3 (citing *In re D.L.B.*, 118 S.W.3d 360, 368 (Tenn. 2003)). "[W]e are mindful that our decision will unfortunately prolong the uncertainty for the child and parties; however, the termination statute and the constitutional implications require remand." *In re Kadean T.*, No. M2013-02684-COA-R3-PT, 2014 WL 5511984, *11 (Tenn. Ct. App., filed Oct. 31, 2014) (citing *In re Angela E.*, 303 S.W.3d at 255).

We note that the requirements of Tenn. Code Ann. § 36-1-113(k) also apply to the best interest determination. *In re Kadean T.*, 2014 WL 5511984, *11. However, where a "trial court failed to make the findings and conclusions relative to grounds for termination, we are unable to reach the trial court's determination that termination of [the parent's] parental rights was in the children's best interest." *In re Angela E.*, 303 S.W.3d at 255 (citing *In re D.L.B.*, 118 S.W.3d at 368).

## V.

Finally, Mother argues that the Grandparents' counterclaim to terminate her parental rights is deficient under Tenn. Code Ann. § 36-1-113(d)(3), and that, as a result, the court's decision should be deemed void. Tenn. Code Ann. § 36-1-113(d)(3) requires:

> (A) The petition, or allegations in the adoption petition, shall contain a verified statement that:

10

(i) The putative father registry maintained by the department has been consulted within ten (10) working days of the filing of the petition and shall state whether there exists any claim on the registry to the paternity of the child who is the subject of the termination or adoption petition;

(ii) Indicates if there exists any other claim or potential claim to the paternity of the child;

(iii) Describes whether any other parental or guardianship rights have been terminated by surrender, parental consent, or otherwise, and whether any other such rights must be terminated before the child can be made available for adoption;

(iv) Any notice required pursuant to subdivision (d)(4) has been given; and

(v) The medical and social history of the child and the child's biological family has been completed to the extent possible on the form promulgated by the department pursuant to § 36-1-111(k); provided, however, the absence of such completed information shall not be a barrier to termination of parental rights.

(B) Any person or persons entitled to notice pursuant to § 36-1-117 shall be named as defendants in the petition to terminate parental rights or in the adoption petition and shall be served with a copy of the petition as provided by law.

(C) The petition to terminate, or the adoption petition that seeks to terminate parental rights, shall state that:

(i) The petition or request for termination in the adoption petition shall have the effect of forever severing all of the rights, responsibilities, and

11

obligations of the parent or parents or the guardian or guardians to the child who is the subject of the order, and of the child to the parent or parents or the guardian or guardians;

(ii) The child will be placed in the guardianship of other person, persons or public or private agencies who, or that, as the case may be, shall have the right to adopt the child, or to place the child for adoption and to consent to the child's adoption; and

(iii) The parent or guardian shall have no further right to notice of proceedings for the adoption of the child by other persons and that the parent or guardian shall have no right to object to the child's adoption or thereafter, at any time, to have any relationship, legal or otherwise, with the child.

Mother argues the counterclaim is deficient because it lacks mandatory statutory language concerning the effect of the termination as provided in subsection (d)(3)(C). She asserts that use of the word "shall" in Tenn. Code Ann. § 36-1-113(d)(3) evidences that "[t]hese are not matters that can be waived[.]" However, previously, we held that a termination petition that did not specifically quote the language from Tenn. Code Ann. § 36-1-113(d)(3)(C) or "explicitly cit[e] the statute" was "not defective." **State v. Whited**, No. M2000-03213-COA-R3-JV, 2001 WL 1386095, *7 (Tenn. Ct. App., filed Nov. 8, 2001). Similarly, in **In re Levi D.**, this Court declined to find a petition deficient that "sufficiently put Mother on notice of the effect of the proceedings to terminate her parental rights." **In re Levi D.**, No. W2012-00005-COA-R3-PT, 2013 WL 1850791, at *5 (Tenn. Ct. App., filed May 1, 2013). In **In re Levi D.**, we stated

[a]lthough the termination petition does not mirror the exact language of Tennessee Code Annotated section 36-1-113(d)(3)(C), it clearly provides that, if granted, Mother's parental rights would be terminated, that [the child]'s current custodians wanted to adopt him upon conclusion of the termination proceedings, and that [the child] would be placed in the legal and physical custody of someone other than Mother.

12

*Id.* (citing ***Whited***, 2001 WL 1386095, at \*7). Here, the counterclaim states that "Pursuant to T.C.A.§ 36-1-113(d)(3)( C ), please note that this petition will forever sever all of the rights, responsibilities and obligations of the parents who are the subject of this order and that the Counter[claimants] shall have the right to adopt said children." Elsewhere in the petition, the Grandparents asked that the they "be declared the sole permanent guardians of the minor children[.]" As in ***In re Levi D.***, we find that the counterclaim "sufficiently put Mother on notice of the effect of the proceedings" and "clearly provides that, if granted, Mother's parental rights would be terminated, that [the child]'s current custodians wanted to adopt him upon conclusion of the termination proceedings, and that [the child] would be placed in the legal and physical custody of someone other than Mother." 2013 WL 1850791, at \*5. We find the counterclaim satisfies the requirements of Tenn. Code Ann. § 36-1-113(d)(3)(C).

Mother argues that the counterclaim is also deficient because it lacks verification that the putative father registry was consulted, statements related to whether any other claims to paternity exist, or information on whether any other parental rights have been terminated through surrender. The counterclaim initially named as parties the three putative biological fathers of the children. Regarding the putative fathers, the counterclaim made clear that "this is not an action to terminate their parental rights." Mother's parental rights were the only ones before the court. Termination proceedings require that each parent receive an "individualized determination" regarding his or her parental rights. ***In re Angela E.***, 303 S.W.3d at 250 (quoting ***Swanson***, 2 S.W.3d at 188). It is clear that any omission of language regarding the putative father registry or other claims to paternity is not a fatal deficiency to the current matter in which Mother's parental rights are the only ones at issue.

## VI.

We vacate the trial court's holding that a ground for termination as to Mother was established pursuant to Tenn. Code Ann. § 36-1-113(g)(9). We further vacate the trial court's holding as to Mother related to Tenn. Code Ann. § 36-1-113(g)(8) because of the trial court's failure to make written findings of fact and conclusions of law in its final order sufficient to meet the requirements of Tenn. Code Ann. § 36-1-113(k). This case is remanded to the trial court for it to make findings of fact and conclusions of law in a manner consistent with Tenn. Code Ann. § 36-1-113(k). The costs on appeal are assessed to the appellees, C.S. and W.S.

_____
CHARLES D. SUSANO, JR., JUDGE